CENTRAL WISCONSIN TRUST COMPANY, Trustee, Appellant,
vs. KEATING and others, Respondents.

*December 11, 1936—January 12, 1937.*

For the appellant there were briefs by *Albert G. Michelson* and *Marjorie Loomis,* both of Madison, and oral argument by *Miss Loomis.*

For the respondents there was a brief by *La Follette, Rogers & Roberts* of Madison, and oral argument by *Glenn D. Roberts.*

ROSENBERRY, C. J.   It is the contention of the plaintiff that since the order of June 23, 1936, from which the appeal is taken, was entered more than sixty days from the end of the term at which the order entered January 15, 1936, was entered, the court was without jurisdiction to make the order. Sec. 252.10, Stats.   The defendant Keating, on the other hand, contends that the court is specifically authorized to reconsider the matter by sec. 281.209 (2), which provides:

"Upon the application of any party prior to the expiration of the extended period of redemption as provided in this section and upon the presentation of evidence that the terms fixed by the court are no longer just and reasonable, the court may alter or revise its terms in such manner as the changed circumstances and conditions may require."

Sec. 281.209 (1) provides for extending the period of redemption for such additional time as the court may deem just and equitable, and prescribes the conditions upon which such extension shall be granted.

The only showing made by the defendant Keating was by affidavit.   In this affidavit no facts were shown which even tended to establish the fact that the terms of the order entered January 15, 1936, as fixed by the court were not "just and reasonable."   No change of circumstance relating either to the financial ability of the mortgagors, the condition of the property mortgaged, or anything else is shown to have occurred between the time the order entered January 15, 1936, and the time when the application was made for a further extension, so that assuming, but not deciding, that the legislature may authorize such an extension, there was no compliance in this case with the provisions of the statute which requires the presentation of evidence from which the court

can say that its first order was not just and reasonable. The justness and reasonableness of the first order are not even attacked. The statute does not authorize a second extension without such showing, and certainly the court has no power to do it in the absence of a statutory provision.

*By the Court.*—The order appealed from is reversed.